UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 16-cv-1110-SEM |
| | ) |
| GUY PIERCE, | ) |
| | ) |
| Defendant. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se, filed an action under 42 U.S.C. § 1983 alleging inhumane conditions of confinement at the Pontiac Correctional Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013).

### ANALYSIS

Plaintiff alleges that, on October 28, 2015, he was released from segregation and, per orders of Defendant Warden Pierce,

placed in the South Mental Health Segregation Unit. Plaintiff complains that, there, he was "treated like a segregated prisoner," rather than an inmate in general population. Plaintiff alleges that he was in his cell 24-hours per day, that he was handcuffed while escorted, that his mental health treatment was stopped, that he was denied commissary privileges, and that he was given only one shower per week. Plaintiff claims that he remained under these allegedly unconstitutional living conditions for more than two months.

Plaintiff's complaint is that he was treated as a segregated prisoner. He does not claim that the conditions in segregation were atypical, only that he should not have been subjected to them. Plaintiff asserts, however, that he was housed in the South Mental Health Segregation Unit. It appears, therefore, that he was a prisoner in segregation, and that this was the reason he was subjected to segregation conditions.

The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules…is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Construction Co., Inc., v. International Steel Services, Inc.* 2002 WL

413172 at 4 (7th Cir. 2002).  The Plaintiff's complaint fails to provide this notice.  The court cannot clearly discern what Plaintiff means to allege where he claims to have been subject to [typical] conditions of segregation while in segregation.

Plaintiff fails to state a claim for a constitutional violation.  He will be given an opportunity, however, to amend his complaint in the event that the Court has mischaracterized or misunderstood his pleading.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is DISMISSED, with leave to replead within 30 days.

2. Plaintiff's Motion for Recruitment of *pro bono* counsel [5], is rendered MOOT.  Plaintiff's Motions for Status [7], [8] and [9] are also rendered MOOT.

9/28/2016
ENTERED

_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE