E-FILED
Monday, 26 June, 2017 11:26:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEROME MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 16-cv-1110-SEM |
| | ) | |
| GUY PIERCE, | ) | |
| | ) | |
| Defendant. | ) | |

## MERIT REVIEW –AMENDED COMPLAINT

Plaintiff, proceeding pro se, has filed an amended complaint under 42 U.S.C. § 1983, alleging inhumane conditions of confinement at the Pontiac Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013).

### ANALYSIS

Plaintiff's amended complaint alleges that Defendant Warden Pierce violated his Eighth Amendment rights by ordering him to be

placed in the South Mental Health Segregation Unit where he was subjected to atypical and harsh conditions of confinement. Plaintiff claims that, for a two month period he was in his cell 24-hours per day, was handcuffed while escorted, did not receive mental health treatment, was denied commissary privileges, and was allowed only one shower per week.

Punishments which are "incompatible with 'the evolving standards of decency that mark the progress of a maturing society'", violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To make out an inhumane conditions of confinement claim a Plaintiff must allege an extreme deprivation, ["b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society', only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citations omitted).

It is unclear that any of these conditions, viewed alone, would be sufficient to establish a Constitutional violation. However, a combination of multiple conditions "may violate the Constitution in

combination when they have a 'mutually enforcing effect that produced the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)(*quoting Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Plaintiff's inhumane conditions of confinement claim against Warden Pierce will go forward.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely as a conditions of confinement claim against Defendant Pierce. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's Motions for Status [24] and [25] are rendered MOOT by this order.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant

and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge

that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

    7.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    8.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

    9.    Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

**1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,**

**2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

  6/26/2017                    ___s/Sue E. Myerscough_____
ENTERED                          SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE